UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:07-399

CYNTHIA BOGGS, and
AMBER TYE,                                                                PLAINTIFFS

v.                              **OPINION AND ORDER**

APPALACHIAN REGIONAL HEALTHCARE, INC.,                       DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Plaintiffs' Motion to Remand the instant case to Perry Circuit Court, from which the Defendant has sought removal to this Court. For the reasons given below, the Plaintiffs' Motion to Remand is GRANTED, and this case is REMANDED to Perry Circuit Court.

**I.      Factual and Procedural Background**

Prior to being discharged from their employment, Plaintiffs Cynthia Boggs and Amber Tye were Recreational Therapists employed by Defendant, Hazard Appalachian Regional Healthcare, Inc. [hereinafter "ARH"] Psychiatric Center, located in Hazard, Kentucky. Pursuant to Defendant's company policy, the Plaintiffs were entitled to two fifteen-minute paid break periods and one unpaid thirty-minute lunch period per day. Plaintiffs state that their supervisor, Frances Howard, instructed them that they were not required to clock in or clock out for these lunch and break periods so long as they stayed within a one-mile radius of the Hazard ARH facility during these times.

On October 1, 2007, when registered nurses at the Hazard ARH facility were on strike just outside of the facility, the Plaintiffs allege that they visited a grocery store during one of their break periods to purchase food and drinks for the striking nurses. The Plaintiffs purchased the items, distributed them to the nurses, and reported back to work. When the Plaintiffs returned to work, several members of Defendant's management informed the Plaintiffs that they had violated a directive forbidding employees from fraternizing with striking Union members, and that they were being suspended for failing to clock out when they went to the grocery store on their break. The Plaintiffs claim they were never made aware of any

directive forbidding them from fraternizing with striking employees, that they had earlier been told that clocking out for breaks was unnecessary if they remained within one mile of the ARH facility, and that no written policy or instruction required them to clock out. Plaintiffs also allege that a male employee at the Hazard ARH facility had been allowed to visit the striking workers' picket line without being discharged. Further, Plaintiffs claim that another male employee took a lunch break without clocking in or out, and unlike the Plaintiffs, he was neither suspended nor discharged.

On the day of these events, October 1, 2007, the Plaintiffs were suspended from work pending termination, and on October 11, 2007, they were notified that their suspensions had been converted to discharges. On October 24, 2007, the Plaintiffs brought suit against Defendant in Perry Circuit Court, alleging three causes of action. The Plaintiffs' first count claimed wrongful discharge under Kentucky case law, "in that their discharge was a direct retaliation by the Defendant against Cynthia and Amber for their support of union activity." Complaint, ¶ 46. The second count claimed sex discrimination under Kentucky Revised Statutes [hereinafter "K.R.S."] chapter 344, "in that they were terminated for stopping at the picket line when another male ARH employee has stopped at the picket line and not been terminated." Complaint, ¶ 52. The third count claimed the Defendant violated K.R.S. § 336.130, "which prohibits employers from discharging employees, or otherwise retaliating against them, for participating in, or being supportive of, union activities." Complaint, ¶ 58. The Plaintiffs sought relief for this alleged violation pursuant to K.R.S. § 446.070. *Id.* ¶ 57.

On November 19, 2007, Defendant filed a Notice of Removal of the Plaintiffs' action to this Court. In its Notice of Removal, Defendant claims that this Court has jurisdiction over the case via 28 U.S.C. §§ 1331 and 1367, "because Plaintiffs' Complaint alleges potential violations of the National Labor Relations Act." Notice of Removal, at 1. Removal of the action to this Court is therefore appropriate, says the Defendant, pursuant to 28 U.S.C. §§ 1441(a) and (b), and 1446(a) and (b). *Id.* at 2. On November 28, 2007, Plaintiffs filed a Motion to Remand the case back to Perry Circuit Court, to which the Defendants filed a Response in opposition on December 17, 2007. This Motion is now ripe for adjudication by the Court.

2

II.     **Analysis**

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction , the case shall be remanded."  28 U.S.C. § 1447(c) (2000).  Particularly, "[a] district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996).  If there are any doubts regarding federal jurisdiction and whether removal is proper, they should be resolved in favor of remanding the case to state court. *See Her Majesty the Queen in Right of Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967).  Moreover, the defendant has the burden of establishing that removing the case to federal court is appropriate. *See Pullman v. Jenkins*, 305 U.S. 534, 540 (1939); *Her Majesty the Queen*, 874 F.2d at 339.

Defendant bases its removal of the Plaintiffs' action to this Court on the basis of the Court's federal-question subject-matter jurisdiction and supplemental subject-matter jurisdiction, under 28 U.S.C. §§ 1331 and 1367, respectively. *See* Notice of Removal, at 1-2.  Defendant argues that the Plaintiffs' first and third causes of action, which claim that Defendant discharged the Plaintiffs in violation of Kentucky law for supporting union activities, allege violations of the National Labor Relations Act [hereinafter "NLRA"], 29 U.S.C. §§ 157 and 158. *Id.* at 2.  As such, argues the Defendant, these causes of action are removable because they fall within the Court's federal-question jurisdiction, 28 U.S.C. § 1331. *Id.*  Also, Defendant argues that the Plaintiff's second cause of action, which claims that Defendant committed sex discrimination in violation of Kentucky law, relates directly to the allegations under the first and third causes of action. *Id.* Therefore, according to the Defendant, this second cause of action is also removable because it falls within the Court's supplemental jurisdiction, 28 U.S.C. § 1367. *Id.*

In their Motion to Remand, the Plaintiffs assert that the causes of action in their Complaint are based not on federal law (namely, the NLRA), as the Defendants claim, but instead on state law.  Motion to Remand, at 5.  The Plaintiffs state that they are neither asserting a claim under a collective bargaining agreement, nor do they make any claim that would require interpretation of such an agreement. *Id.*

3

Additionally, the Plaintiffs point to several Kentucky state cases and one federal court order which, they argue, indicate that their causes of action set forth valid state-law claims that belong in state court, rather than federal court. *Id.* at 5-7. Removing the case to this Court, say the Plaintiffs, is thus improper, and remanding to Perry Circuit Court is therefore necessary. *Id.* at 7.

In its Response to the Plaintiffs' Motion to Remand, Defendant argues that Plaintiffs' claims are subject to federal jurisdiction, regardless of the fact that the Complaint only pleads state-law violations, because of the doctrine of complete preemption. Defendant's Response, at 1. Defendant asserts that the state-law causes of action in the Complaint, which claim retaliation for supporting union activity, actually fall under the coverage of the NLRA. *Id.* at 3-11. Since the NLRA completely preempts related state-law claims such as those brought by the Plaintiffs, says the Defendant, the state-law claims are entirely displaced by federal-law claims. *Id.* at 4-5. The action is thus properly removable to federal court, the Defendant argues, since the first and third counts of the Complaint are deemed to assert federal, rather than state, causes of action, and the second count is subject to the Court's supplemental jurisdiction. *Id.* at 4-11, 16-17. The Defendant also attempts to distinguish the Kentucky state cases and federal court order that the Plaintiffs rely on in their Motion. *Id.* at 11-16.

The Court cannot agree with Defendant that this case is properly removable. The reason is that Defendant is simply incorrect in its contention that the NLRA, which is relied upon to establish the Court's subject-matter jurisdiction, is completely preemptive of state-law claims "arguably subject to" the NLRA. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (1959). Since the NLRA does not completely preempt state-law claims, it does not establish this Court's subject-matter jurisdiction and does not provide a basis for removal. The Court must therefore remand this action to state court.

In making its arguments about federal preemption and removal jurisdiction under the NLRA, the Defendant appears to be confusing one type of preemption with another. The fact that a federal statute preempts state-law normally does not give rise to federal-question subject-matter jurisdiction, and normally does not make a state case removable to federal court. *See Loftis v. United Parcel Serv.*, 342 F.3d 509, 515

4

("[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption . . . .") (internal quotation marks removed); *Tisdale v. United Ass'n of Journeymen*, 25 F.3d 1308, (6th Cir. 1994) ("[P]reemption and removal are related but distinct concepts. Even the fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted . . . does *not* establish that they are removable to federal court.") (internal quotation marks removed). However, where the federal law's preemptive force is deemed to be "complete," then the federal law does provide a basis of removal jurisdiction, unlike with "normal" preemption. "[I]f an area of the law is 'completely preempted,' then the state law claim is displaced by the federal cause of action, and the action is subject to removal." *Loftis*, 342 F.3d at 515. Complete preemption essentially converts what would ordinarily be a state-law claim into a federal-law claim. *Lattin v. Kurdziel*, 1998 U.S. App. LEXIS 10769 (6th Cir. May 26, 1998). "'Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 389, 393 (1987)).

On more than one occasion, the Sixth Circuit Court of Appeals has held that the NLRA gives rise only to "normal" preemption, rather than "complete" preemption as Defendant instead insists. In *Lattin v. Kurdziel*, the plaintiff brought state-law claims in state court which the defendant removed to federal court. *Lattin*, 1998 U.S. App. LEXIS 10769, at *1-7. The defendant removed these state-law claims to federal court on the grounds that they were preempted by two federal statutes, the NLRA and the Labor Management Relations Act [hereinafter "LMRA"]. *Id.* at *6-7. The Court explained that the LMRA, unlike the NLRA, is completely preemptive of state law. "Section 301 of the Labor Management Relations Act has complete preemptive force. In effecting complete preemption, § 301 is nearly unique among federal *laws—neither §§ 157 or 158 of the National Labor Relations Act are completely preemptive*." *Id.* at *8-9 (emphasis added) (citations removed). Since applicability of the LMRA to the state-law claims required the applicability of a collective bargaining agreement, which was not present in the case, the Court concluded that the LMRA did not apply, and federal jurisdiction was therefore not conferred. *Id.* at *9-12. Moreover,

the Court stated that "§§ 7 and 8 of the National Labor Relations Act do not provide a basis for removal under complete preemption.  This case therefore cannot be removed on a preemption defense."  *Id.* at *13. Since the Court was lacking federal jurisdiction, removal was inappropriate, and the case was ordered remanded back to state court.  *Id.* at *16-17.

Another more recent example is found in *Alongi v. Ford Motor Co.*  In *Alongi*, the plaintiff again brought state-law claims in state court, which the defendant removed to federal court on the grounds of preemption under the LMRA and the NLRA.   *Alongi v. Ford Motor Co.*, 386 F.3d 716, 719-22 (6th Cir. 2004).  The Court explained that "[b]oth § 7 and § 8 of the National Labor Relations Act, see 29 U.S.C. §§ 157-158, and § 301 of the Labor-Management Relations Act, see 29 U.S.C. § 185, exercise pre-emptive effect over state law tort claims that fall within their respective purviews."  *Id.* at 723.  "However, the standards for pre-emption under each statute, and the effects of preemption, are different."  *Id.*  The Court described the preemptive effect of the NLRA as such that "[t]his type of pre-emption requires a court to yield primary jurisdiction over a given state-law claim to the NLRB [National Labor Relations Board], regardless of whether the claim was originally brought in federal or state court.  *However, it does not provide a basis of removal to federal court*."  *Id.* (emphasis added).  Whether the state-law claims are in fact preempted by the NLRA is an issue that must be decided by the state court, not the federal district court.  *Id.* It is the LMRA, not the NLRA, that completely preempts state-law claims and provides for removal jurisdiction to federal court.  *Id.* at 723-24.  Since none of the claims before it were found to be preempted by the LMRA, the Court held that it had no jurisdiction to consider whether any of the claims were preempted by the NLRA—only the state court could consider that question.  *Id.* at 728.  The Court then ordered the case remanded to state court for that court's determination of the NLRA-preemption issues.  *Id.* at 729.

*Alongi* and *Lattin* are precisely the circumstances presented by this case.  The Plaintiffs in this action have pled three claims that are facially pure state-law matters.  The Defendant has sought removal on the grounds that they are preempted by the NLRA.  Defendant has not alleged that the LMRA applies to the

6

Plaintiffs' claims, and indeed, it could not.  LMRA complete preemption (and accordingly, federal removal

jurisdiction) requires the satisfaction of a two-part test.  Namely,

> the district court must examine whether proof of the state law claim requires interpretation of
> collective bargaining agreement terms.  Second, the court must ascertain whether the right claimed
> by the plaintiff is created by the collective bargaining agreement or by state law.  If the right both is
> borne of state law and does not invoke contract interpretation, then there is no preemption.
> However, if neither or only one criterion is satisfied, section 301 [of the LMRA] preemption is
> warranted.

*DeCoe v. Gen'l Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994).  In their Motion to Remand, Plaintiffs

emphasize the fact that they are not asserting claims under any collective bargaining agreement and are not

making claims that would require interpreting such an agreement.  Motion to Remand, at 5.  The Defendant

does not contest this in its Response; its sole argument is that the state-law claims are subject to NLRA

preemption.  As such, these claims are "borne of state law," and do not "invoke contract interpretation,"

*DeCoe*, 32 F.3d at 216, they cannot be completely preempted by the LMRA, and removal is improper.  Since

NLRA preemption is not "complete," it does not authorize federal removal jurisdiction.  The Court is

therefore without jurisdiction to decide whether the NLRA preempts the Plaintiffs' claims, just as the *Alongi*

and *Lattin* Courts were.  As only the state court can decide this preemption issue, remand is necessary.  *See*

*Alongi*, 386 F.3d at 729; *Lattin*, 1998 U.S. App. LEXIS 10769, at *16-17.

Defendant relies greatly on the cases of *Building Trades Council of San Diego v. Garmon*, *Loftis v.*

*United Parcel Service, Inc.*, and *McGlone v. Cintas Corp.* to support its contention that the NLRA

completely preempts the Plaintiffs' claims and places jurisdiction over them in the federal courts.  A brief

discussion of these cases is necessary to dispel the Defendant's confusion about the effects of these cases.

In *Garmon*, as the Defendant notes, the Supreme Court discussed the preemptive effect of the

NLRA, a discussion that gave rise to the moniker "*Garmon* preemption."  "When an activity is arguably

subject to § 7 or § 8 of the [NLRA], *the States as well as the federal courts must defer to the exclusive*

*competence of the National Labor Relations Board* if the danger of state interference with national policy is

to be averted."  *Garmon*, 359 U.S. at 245 (emphasis added).  This clearly does not provide that "[f]ederal

courts have exclusive jurisdiction to decide lawsuits asserting claims that are 'arguably subject to' the

NLRA." Response, at 4.  Instead, it provides that the *National Labor Relations Board*, not the federal or

state courts, have such jurisdiction.  Once it has been determined that the NLRA preempts asserted state-law

claims (and as explained above, only the state court can make this determination in this action), this

"*Garmon* preemption" "*protects the primary jurisdiction of the NLRB* to determine in the first instance what

kind of conduct is either prohibited or protected by the NLRA."  *Metropolitan Life Ins. Co. v.

Massachusetts*, 471 U.S. 724, 748 (1985) (emphasis added).

       This primary jurisdiction of the NLRB, rather than either federal or state courts, to adjudicate

NLRA-preempted claims is confirmed by Sixth Circuit precedent.  *See Alongi*, 386 F.3d at 723 ("This type

of pre-emption *requires a court to yield primary jurisdiction over a given state-law claim to the NLRB*,

regardless of whether the claim was originally brought in federal or state court." (emphasis added)); *see also

Lattin*, 1998 U.S. App. LEXIS 10769, at *15 (NLRA-preempted claims within "exclusive competence of the

[NLRB]," to which federal and state courts must defer (quoting *Garmon*, 359 U.S., at 245)); *McGlone*, 1994

U.S. App. LEXIS 24588, at *6 (same).  *Garmon* and its progeny make clear the NLRB's primary and

exclusive jurisdiction over the adjudication of this action.  After remand, should the state court agree with

the Defendants that the Plaintiffs' claims are preempted by the NLRA, the appropriate remedy would appear

to be dismissal of the case without prejudice, after which the Plaintiffs may bring their case before the

NLRB.

       The other cases relied on by Defendant, *Loftis* and *McGlone*, also provide no support for its

position.  In *Loftis*, the plaintiff filed state-law claims in state court, which the defendants removed to federal

district court, asserting complete preemption under section eight of the NLRA, 29 U.S.C. § 158(a).  *Loftis*,

342 F.3d at 512.  The Court of Appeals stated that "[c]omplete preemption occurs in cases that fall within

the scope of the LMRA."  *Id.* at 515.  The Court then went on, however, to discuss provisions of the NLRA,

rather than any provisions of the LMRA.  *See id.*  The Court then concluded that the asserted state-law

claims fell within the coverage of the NLRA, and that the district court had removal jurisdiction over the

8

complaint. *See id.* at 515-16. The Court ultimately held, however, that removing the case to federal court was procedurally defective because one of the defendants had not consented to the removal petition. *Id.* at 516-17. The Court therefore upheld a remand to state court. *Id.* at 517.

Though *Loftis* does appear at first to support the Defendant's argument that removal is appropriate where NLRA preemption is asserted, two important issues demand notice. First, within *Loftis* itself, it is very unclear to which statute the Court of Appeals is actually referring, whether the LMRA or the NLRA. The Court begins by stating that complete preemption, and thus removal jurisdiction, is effected by "the LMRA," *id.* at 515, but then inexplicably describes sections seven and eight of the NLRA, rather than the LMRA, *see id.*, and finally concludes that "the allegations describe acts that could undermine the 'industrial peace' that *the NLRA* was designed to preserve." *Id.* at 516 (emphasis added). The Court of Appeals never clarifies which of the two statutes it is actually referring to, and nowhere in the opinion does the Court specifically state that the NLRA, as opposed to the LMRA, completely preempts state law and creates removal jurisdiction. Secondly, even if *Loftis* is interpreted to say that the NLRA is completely preemptive and establishes removal jurisdiction, this would be inconsistent with both earlier and later Sixth Circuit case law. *See Alongi*, 386 F.3d 716; *Lattin*, 1998 U.S. App. LEXIS 10769; *McGlone*, 1994 U.S. App. LEXIS 24588 (*see* discussion *infra*). This Court can only conclude either that *Loftis* does not actually hold that the NLRA is completely preemptive, or that such a holding is inconsistent with other Court of Appeals precedent and was later corrected by cases such as *Alongi*. Either way, *Loftis* does not support the Defendant's argument.

Neither does *McGlone* bolster the Defendant's position. In *McGlone*, the plaintiff alleged that the defendant discharged her as retaliation for attempting to organize a labor union pursuant to the NLRA, and that the defendant also violated K.R.S. § 336.130. *McGlone*, 1994 U.S. App. LEXIS 24588, at *3. The plaintiff first brought her allegations before the NLRB, which declined to issue formal charges against the defendant. *Id.* The plaintiff then brought suit in state court, where the defendant removed to federal district court on the grounds of both diversity and federal-question subject-matter jurisdiction. *Id.* at *4. The

defendant argued that the plaintiff's state-law claims were preempted by the NLRA. *Id.* On appeal from the district court's dismissal of the action, the Court of Appeals again explained that NLRA, or "*Garmon* preemption,*" "'protects the primary jurisdiction of the NLRB to determine . . . what kind of conduct is either prohibited or protected by the NLRA.'" *Id.* at *6 (quoting *Metropolitan Life Ins. Co.*, 471 U.S. at 748). The Court then went on to hold that the plaintiff's asserted state-law claims fell within the purview of the NLRA, and were thus preempted. *Id.* at *8-9. In adjudicating this case, the Court stated that it also agreed with the analysis contained in Judge Celebrezze's dissenting opinion in *Baldridge v. Kentucky-Ohio Transportation, Inc.*, 983 F.2d 1341 (6th Cir. 1993), where Judge Celebreeze argued that similar state-law claims were preempted by the NLRA.

Defendant argues that *McGlone* supports its argument for complete preemption and removal jurisdiction under the NLRA. However, the Defendant overlooks important details in the *McGlone* opinion that clearly illustrate the error of its argument. First of all, the *McGlone* Court never held that NLRA preemption gives rise to removal jurisdiction. Instead, the Court explained that it did not need to decide whether NLRA preemption allowed for removal jurisdiction because the defendant also asserted a second and distinct basis for removal—diversity jurisdiction.

> Although McGlone only challenges the removal of this action on the ground that her claim is not preempted by federal law, we note that had Cintas not listed diversity of citizenship as a basis for removal, it is not clear that the removal of this case would have been proper.

*McGlone*, 1994 U.S. App. LEXIS 24588, at *4 n.3. Since the Court clearly had at least one basis for removal, diversity of citizenship, it also plainly had jurisdiction to decide that the state-law claims were preempted by the NLRA. The Court did not adopt Judge Celebreeze's contention that NLRA preemption creates federal removal jurisdiction, as Defendant claims. It instead avoided the issue because the presence of diversity jurisdiction made removal proper regardless of whether NLRA preemption gave rise to removal jurisdiction. *See id.* at *5 n.4 ("In *Baldridge*, Judge Celebreeze would have found that jurisdiction (and thus removal) was proper based on *Garmon* preemption . . . . This is an issue which we need not address because . . . McGlone alleged both diversity and federal question jurisdiction as grounds for removal. Thus, we

express no opinion concerning the propriety of jurisdiction in that case.").

Also, much as *Garmon* does, *McGlone* plainly discredits the Defendant's argument that "[f]ederal courts have exclusive jurisdiction to decide lawsuits asserting claims that are 'arguably subject to' the NLRA."  Response, at 4.  The *McGlone* Court held that because the state-law claims were preempted by the NLRA, their adjudication was within the primary jurisdiction of the NLRB, rather than the federal or state courts.  *See id.* at *6-7 (quoting *Garmon*, 359 U.S. at 245; *Metropolitan Life Ins. Co.*, 471 U.S. at 748).  Before even going to state court, the plaintiff had brought her claims before the NLRB, which had decided not to prosecute her case.  *Id.* at *12.  Since the "'General Counsel's [of the NLRB] refusal to issue a complaint is within his prosecutorial discretion'," the Court explained, "'the courts are without jurisdiction to review that discretionary act.'" *Id.* (quoting *Jackman v. NLRB*, 784 F.2d 759, 764 (6th Cir. 1986)).  The matter was therefore *res judicata* before the federal district court, and dismissal was required.  *Id.* at *12-13.  *McGlone* thus reaffirms the fact that the NLRB has original and exclusive jurisdiction over NLRA-preempted claims, not the federal courts.

Neither does it help Defendant's case that *McGlone* addressed K.R.S. § 336.130, one of the very state-law provisions at issue in this action.  The mere fact that the *McGlone* Court held that at least one of the Plaintiffs' state-law claims are preempted by the NLRA does nothing to establish this Court's removal jurisdiction over that claim, or over either of the other claims.  The weight of authority in the Sixth Circuit indicates that the NLRA is not completely preemptive, and does not establish removal jurisdiction.  The Defendant cannot escape this conclusion even by showing that one of the Plaintiffs' claims is, in fact, preempted by the NLRA.  *See Loftis v. United Parcel Serv.*, 342 F.3d 509, 515 ("[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption . . . .") (internal quotation marks removed); *Tisdale v. United Ass'n of Journeymen*, 25 F.3d 1308,  (6th Cir. 1994) ("[P]reemption and removal are related but distinct concepts.  Even the fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted . . . does *not* establish that they are removable to federal court.") (internal quotation marks removed).

11

The Defendant has failed to demonstrate that the Court has removal jurisdiction over the Plaintiffs' state-law claims. As such, it would be improper for the Court to further consider whether any of these claims are actually preempted by the NLRA. The Court is without jurisdiction, and remand to state court is therefore necessary.

THEREFORE, the Court hereby Orders the Plaintiffs' Motion to Remand GRANTED. This matter is ordered REMANDED to Perry Circuit Court.

Dated this 30th day of January, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**